# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MARLENE R. CEO,<br>    Plaintiff, | Case No. 1:19-cv-934<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Marlene R. Ceo brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB"). This matter is before the Court on plaintiff's statement of errors (Doc. 14), the Commissioner's response in opposition (Doc. 20), and plaintiff's reply memorandum (Doc. 21).

**I.  Procedural Background**

Plaintiff filed her application for DIB in November 2015, alleging disability since October 9, 2013 due to a shattered right tibula plateau, broken right leg, severe anterior sprain of right ankle tendons and ligament, and depression. The application was denied initially and upon reconsideration. Plaintiff, through counsel, requested and was granted a *de novo* hearing before administrative law judge ("ALJ") Jeannine Lesperance. Plaintiff and a vocational expert ("VE") appeared and testified at the ALJ hearing on March 13, 2018. On September 24, 2018, the ALJ issued a decision denying plaintiff's DIB application. Plaintiff's request for review by the Appeals Council was denied, making the decision of ALJ Lesperance the final decision of the Commissioner.

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548

(6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

### B. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

> 1. The [plaintiff] last met the insured status requirements of the Social Security Act on September 30, 2015.
>
> 2. The [plaintiff] did not engage in substantial gainful activity during the period from her alleged onset date of October 9, 2013 through her date last insured of September 30, 2015 (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured [plaintiff] had the following severe impairments: status post right knee fracture with post-traumatic arthritis and a depressive disorder (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the [plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).
>
> 5. After careful consideration of the entire record, the [ALJ] find[s] that, through the date last insured, the [plaintiff] had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that she could stand and/or walk 15 minutes at a time up to two hours total, and climb ramps and stairs to same extent, using a cane when walking; occasionally stoop and crouch; never kneel, crawl, balance (as defined in Selected Characteristics of Occupations (SCO), climb ladders, ropes or scaffolds, push/pull or operate foot controls with the right lower extremity; and never engage in occupational driving. Mentally, she would have been able to perform simple, routine tasks, without strict time or production demands; could interact occasionally with coworkers and supervisors,

but should not be required to interact with the general public; and could adapt to occasional changes in work duties.

6. Through the date last insured, the [plaintiff] was unable to perform any past relevant work (20 CFR 404.1565).[1]

7. The [plaintiff] was born [in] . . . 1966 and was 49 years old, which is defined as a younger individual age 45-49, on the date last insured (20 CFR 404.1563).

8. The [plaintiff] has a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the [plaintiff] is "not disabled," whether or not the [plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404 Subpart P. Appendix 2).

10. Through the date last insured, considering the [plaintiff]'s age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that the [plaintiff] could have performed (20 CFR 404.1569, 404.1569(a)).[2]

11. The [plaintiff] was not under a disability, as defined in the Social Security Act, at any time from October 9, 2013, the alleged onset date, through September 30, 2015, the date last insured (20 CFR 404.1520(g)).

(Tr. 17-28).

**C. Judicial Standard of Review**

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v.*

---

[1] Plaintiff has past relevant work as a general office clerk, a light semi-skilled job and a hand packer, a medium, unskilled position. (Tr. 26, 63).

[2] The ALJ relied on the VE's testimony to find that plaintiff could perform the requirements of approximately 108,300 unskilled, sedentary jobs in the national economy through her date last insured, such as addresser (8,904 jobs), document preparer (44,854 jobs), and spotter (2,538 jobs). (Tr. 27, 64).

*Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746). *See also Wilson*, 378 F.3d at 545-46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

**D. Specific Error**

On appeal, plaintiff argues that the ALJ erred in evaluating the medical evidence and assessing her RFC and therefore failed to meet her burden at step five of the sequential evaluation process. (Doc. 14 at 5). Plaintiff argues that the ALJ failed to consider several pieces

of evidence in her RFC determination. (*Id.* at 5-6). Plaintiff also argues that the ALJ improperly interpreted objective medical data in making her RFC determination. (*Id.* at 6-7). Plaintiff contends that the ALJ erred in declining to credit her testimony that she needed to elevate her leg during the day and the VE's corresponding testimony that such a limitation would not be permitted in the workplace. (*Id.* at 7).

The Social Security regulations vest the ALJ with the responsibility of assessing an individual's RFC. 20 C.F.R. § 404.1527(d)(2) (the final responsibility for deciding an individual's RFC is reserved to the Commissioner). "Physicians render opinions on a claimant's RFC, but the ultimate responsibility for determining a claimant's capacity to work lies with the Commissioner." *Profitt v. Comm'r. of Soc. Sec.*, No. 1:13-cv-679, 2014 WL 7660138, at *6 (S.D. Ohio Dec. 12, 2014) (Report and Recommendation), *adopted*, 2015 WL 248052 (S.D. Ohio Jan. 20, 2015) (citations omitted). The ALJ is responsible for assessing a claimant's RFC based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). *See also Moore v. Astrue*, No. CIV.A. 07-204, 2008 WL 2051019, at *5-6 (E.D. Ky. May 12, 2008) (the ALJ is responsible for assessing the claimant's RFC by examining all the evidence in the record) (citing *Bingaman v. Comm'r of Soc. Sec.*, 186 F. App'x 642, 647 (6th Cir. 2006)). The ALJ can fulfill her obligation "without directly addressing in [the] written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citations and internal quotation marks omitted)).

In this case, the ALJ's physical RFC determination is supported by substantial evidence.[3] The ALJ reasonably determined that prior to plaintiff's date last insured plaintiff retained the RFC to perform sedentary work subject to certain exertional limitations. (Tr. 14). In making this determination, the ALJ conducted a thorough review of the medical records, opinion evidence, and plaintiff's subjective complaints of disabling physical limitations.

The ALJ thoroughly reviewed the medical records related to plaintiff's right knee fracture from a work-related injury. (Tr. 21-22). The ALJ noted that plaintiff initially received an external fixation device placement and then underwent surgery on October 17, 2013 with orthopedist Dr. Arthur Lee, M.D. (*Id.*). Dr. Lee noted that plaintiff did well with the surgery, although she returned to the emergency room a few days later for continued pain and an ill-fitting brace. (*Id.*). Plaintiff was found to have an infection, which required irrigation and debridement with packing of the infected site, without joint or lateral plate involvement. During a follow up appointment with Dr. Lee on November 20, 2013, plaintiff denied any constitutional symptoms or calf pain. (Tr. 1154). Dr. Lee noted plaintiff was mostly compliant with weightbearing restrictions, but she stated that she does put her foot down often for stability. (*Id.*). Dr. Lee also prescribed a 6-month handicap placard on this date. (Tr. 289). December 2013 imaging of plaintiff's right knee showed acceptable alignment and good signs of consolidation. Dr. Lee instructed plaintiff to continue physical therapy and to progress to 50 percent weight-bearing with the brace locked in extension and using the walker. (Tr. 1152).

---

[3] The undersigned will solely consider the physical evidence of record. In her statement of errors, plaintiff solely challenges the ALJ's physical RFC determination. Therefore, the Court determines that plaintiff has waived any arguments related to her mental impairments. *See Kuhn v. Washtenaw County*, 709 F.3d 612, 624 (6th Cir. 2013) (The Sixth Circuit "has consistently held that arguments not raised in a party's opening brief, as well as arguments adverted to in only a perfunctory manner, are waived.") (internal citations omitted).

During a visit with Dr. Lee in February 2014, plaintiff reported making progress in physical therapy and that she used pain medications, although she still had occasional soreness following therapy and prolonged ambulation. She used a cane, especially with inclement weather. Dr. Lee recommended that plaintiff continue with physical therapy and participate in a work conditioning program. (Tr. 1148-49). In March 2014, plaintiff's physical therapist at Wellington Orthopedic noted that she attended physical therapy for 23 physical therapy sessions over an 18-week period. Plaintiff reported that her pain had decreased from 5/10 to 3/10 on an analog pain scale. Her therapist noted that plaintiff had made progress with her quadricep activation and strength, but she was still lacking knee extension. Plaintiff also had gait cycle impairment, poor balance in single leg stance, and decreased strength throughout the lower extremity. (Tr. 313). By April 2014, plaintiff reported that she no longer used a cane. (Tr. 1144).

In August 2014, plaintiff reported weakness in her leg and difficulty with stairs. She again ambulated with a cane and experienced diffuse pain throughout her knee. Imaging of her right knee showed post-traumatic arthritis. (Tr. 1135-36). Plaintiff's hardware was removed in May 2015, and afterwards, plaintiff reported that she had much less pain. (Tr. 1124-25). Based on plaintiff's antalgic gait and her x-ray findings of significant joint space in the medial compartment, Dr. Lee concluded in August 2015 that plaintiff had an 18 percent whole person impairment. (Tr. 575). On September 29, 2015, prior to her date last insured, plaintiff reported that her pain was a 4/10. On examination, she demonstrated good coordination, no weakness or sensory deficit, and intact right knee range of motion. She was tender to palpation through the medial joint space, and her gait was mildly antalgic. (Tr. 1116-17). In November 2015, when

seen for follow-up, plaintiff exhibited atrophy of the quadriceps musculature and an antalgic gait, and she was using a cane. She had ongoing pain and stiffness in her knee. She was in pain management and working on getting her Visco-supplementation. The Bureau of Worker's Compensation was holding up her treatment. Dr. Lee noted that plaintiff would likely need a total joint arthroplasty in the future. (Tr. 1113-14).

In addition to the objective and clinical medical evidence, the ALJ considered the opinion evidence of record in assessing plaintiff's RFC. Contrary to plaintiff's argument (Doc. 14 at 5), the ALJ considered that Dr. Lee prescribed plaintiff a six-month handicap parking placard because plaintiff could not "walk without assistance from another person or the use of an assistance device" and could not "walk 200 feet without stopping to rest." (Tr. 23). To the extent the ALJ considered Dr. Lee's reason for prescribing the placard to be a medical opinion, the ALJ reasonably afforded it little weight. The ALJ noted that the placard was prescribed only one month after plaintiff's irrigation and debridement surgery, when she was still recovering from her original surgery and post-operative infection. (*Id.*). The ALJ also considered that Dr. Lee prescribed the placard for a six-month period, which "suggests even he did not believe these were necessarily permanent limits or expected to last 12 months or more." (*Id.*). The ALJ reasonably concluded that Dr. Lee's placard prescription was consistent with the range of sedentary work assessed in the RFC. (*Id.*). Plaintiff has not shown how the handicap placard prescribed by Dr. Lee supports the preclusion of sedentary work during the relevant time period.

The ALJ also evaluated Dr. Lee's opinion that plaintiff had an 18 percent whole person impairment. (Tr. 575). The ALJ reasonably noted that this opinion was based on disability

9

standards for the worker's compensation program, which are different from the standards governing Social Security disability. In addition, the ALJ reasonably concluded that Dr. Lee's opinion was not "detailed enough to allow a determination to be made as to whether a claimant is disabled under the [Social Security] Act." (Tr. 23-24).

In addition to Dr. Lee's opinions and statements, the ALJ considered the opinion evidence from plaintiff's worker's compensation claims, as well as the opinions of the state agency reviewing physicians, Drs. Lehv and Jasti. (Tr. 24-25). There was no opinion evidence from plaintiff's treating physicians other than the inconclusive statements from Dr. Lee, and the ALJ ultimately found that the record and hearing evidence supported greater limitations than both Dr. Lehv and Jasti assessed to account for plaintiff's subjective pain complaints, extensive treatment for her right knee complaints, and progressive right knee arthritis. (Tr. 25). Thus, the ALJ properly considered the relevant medical evidence in assessing plaintiff's RFC. *See* 20 C.F.R. § 404.1545(a)(3).

Plaintiff argues that the ALJ erred in concluding that she could perform sedentary work and that she could walk "for two hours each workday." (Doc. 14 at 6). However, plaintiff's argument mischaracterizes the ALJ's RFC finding, which indicated that plaintiff could "walk 15 minutes at a time up to two hours total." (Tr. 20). In addition, plaintiff has not pointed to a medical opinion or any additional evidence in the record to show that she cannot perform these activities or perform sedentary work. Plaintiff cites to portions of record evidence that she alleges supports a disability finding, including: the handicap placard prescribed by Dr. Lee (Tr. 289); physical therapy notes from March 2014 indicating poor knee extension and decreased

strength in her quadriceps, hamstring, and hip, gait impairment, poor balance, and decreased strength throughout the lower extremity (Tr. 313); a worker's compensation independent evaluation conducted by Dr. Michael Rozen in April 2015 that indicated plaintiff had muscle atrophy, decreased strength, used a brace, and took medications and injections for pain (Tr. 324-330); notes from plaintiff's pain doctor that she tried a number of medications for pain and had not reached maximum medical improvement to return to work (Tr. 333, 340); findings from Dr. Sheridan during another independent medical examination for worker's compensation in September 2015 indicating that plaintiff had post-traumatic arthritis of the right knee (Tr. 355-57); and May 2016 treatment notes from Dr. Lee showing arthritis of the right knee (Tr. 1109-1110). (Doc. 14 at 5-6). The Court notes that the ALJ specifically considered much of this evidence in assessing plaintiff's RFC. (Tr. 22 (citing Exh. 4F (physical therapy records); Tr. 24 (citing Exh. 6F (Dr. Rozen evaluation); Exh. 12F (Dr. Sheridan evaluation)). While the ALJ did not explicitly consider evidence of plaintiff's right knee osteoarthritis in 2016, this evidence post-dated plaintiff's last insured date by almost one year and is not relevant to the ALJ's RFC finding. *See Paquette v. Sullivan,* 902 F.2d 1569, 1990 WL 66814, at \*2 (6th Cir. May 21, 1990) (citing *Johnson v. Sec'y of H.E.W.*, 679 F.2d 605 (6th Cir. 1982)) (post-insured status evidence may only be considered if it sheds light on a claimant's condition during the insured period.). Moreover, the ALJ reasonably explained that the day prior to plaintiff's last insured date – September 29, 2015 – plaintiff noted that her knee pain was at a low to moderate level and her physical examination was unremarkable except for a mildly antalgic gait and some tenderness to palpation. (Tr. 22) (citing Tr. 1116-1117). Overall, plaintiff has not shown that the ALJ was

bound to incorporate additional functional limitations into the RFC to account for her knee impairments prior to her date last insured. Plaintiff's argument amounts to a disagreement with how the ALJ weighed the evidence of record. In this regard, the undersigned notes that even where some of this evidence could support a different conclusion or where a reviewing court would have decided the matter differently, the ALJ's decision must be affirmed since it is supported by substantial evidence. *See Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999).[4]

Finally, plaintiff argues that the ALJ erred by failing to include in the RFC finding plaintiff's need to elevate her leg. (Doc. 14 at 7). At the ALJ hearing, plaintiff testified that she often needed to elevate her leg during the day to provide relief from swelling. (Tr. 51). The VE testified that such a limitation would be work preclusive. (Tr. 65).

"A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments." *Thomas v. Comm'r of Soc. Sec.*, 550 F. App'x 289, 290 (6th Cir. 2014) (quoting *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001)). The ALJ is required to incorporate only those limitations that he or she finds credible. *Spicer v. Comm'r of Soc. Sec.*, 651 F. App'x 491, 494 (6th Cir. 2016); *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1235 (6th Cir. 1993) (same).

---

[4] Plaintiff also argues in her statement of errors that the ALJ impermissibly interpreted "objective medical data in functional terms." (Doc. 14 at 6). However, plaintiff fails to develop this argument, provide any analysis, or cite any specific medical data that she believes the ALJ was not qualified to interpret. Therefore, any such argument is waived. *See Kuhn v. Washtenaw County*, 709 F.3d 612, 624 (6th Cir. 2013) (The Sixth Circuit "has consistently held that arguments not raised in a party's opening brief, as well as arguments adverted to in only a perfunctory manner, are waived.") (internal citations omitted).

In this case, the ALJ declined to credit plaintiff's testimony that she needed to elevate her leg "as the file does not support chronic edema or any other symptom that might support the need to consistently elevate the leg, nor does any medical source opine that elevation is necessary to such an extent." (Tr. 26). Plaintiff has not cited to any objective evidence or medical opinion supporting her testimony about elevating her leg, nor has she shown that the ALJ was required to accept the VE's testimony based on an unsupported hypothetical question. The ALJ committed no error by incorporating only those limitations into the RFC that she found credible.

In sum, the Court finds that the ALJ's RFC determination is supported by substantial evidence. Plaintiff's assignment of error should be overruled.

**IT IS THEREFORE RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and this case be closed on the docket of the Court.

Date: 11/5/2020

Karen L. Litkovitz
United States Magistrate Judge

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARLENE R. CEO,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:19-cv-934
Barrett, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn*, 474 U.S. 140 (1985); *United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981).