**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Marlene Roxanne Ceo,

    Plaintiff,

vs.

Case Number: 1:19-cv-00934

Judge Michael R. Barrett

Commissioner of
Social Security,

    Defendant.

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 22). The parties received proper notice, including notice that they would waive further appeal if they failed to file objections to the R&R in a timely manner. (*Id.* PageID 1375); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections. (Doc. 23).

When the Court receives objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1).

The Magistrate Judge completed a comprehensive review of the record and the same will not, and need not, be repeated herein. (Doc. 22). In short, the Magistrate Judge found that the Commissioner of Social Security's ("Commissioner") decision should be

affirmed, as the administrative law judge's ("ALJ") physical residual functional capacity ("RFC") determination is supported by substantial evidence and Plaintiff's arguments amount to nothing more than a disagreement with how the ALJ weighed and evaluated the evidence of record. *Id.*

In her objections, Plaintiff summarizes the procedural posture of this case through the Magistrate Judge's issuance of the R&R and then repeats, verbatim, prior arguments found in her Statement of Errors regarding the ALJ's alleged errors. *Compare* (Doc. 14 PageID 1326-27), *with* (Doc. 23 PageID 1377-78). Simply retyping an argument from one's Statement of Errors into one's objections and concluding that the ALJ or Magistrate Judge erred in finding otherwise does not aid the Court in its analysis. *Cf. Aldrich v. Bock*, 327 F. Supp. 2d 743, 748 (E.D. Mich. 2004) ("The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.").

Plaintiff concedes that the ALJ discussed the evidence that she lists in her Statement of Errors and objections, and contends that the ALJ "failed to actually account for the significant evidence that fairly detracts from her RFC finding." (Doc. 23 PageID 1377). However, Plaintiff does not explain why the evidence that she lists would require greater limitations than that found by the ALJ. Without analysis regarding how the listed evidence requires greater limitations than found by the ALJ, Plaintiff does not convince the Court that the ALJ, or Magistrate Judge, erred in their respective findings. Plaintiff's objections do not present any new argument in response to the to the proposed findings and recommendations found in the R&R that convinces the Court that the

2

Magistrate Judge erred in her findings and recommendations. *See Aldrich*, 327 F. Supp. at 747 ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *cf. Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that general disagreements with the Magistrate Judge fall short of the plaintiff's obligation to make specific objections to an R&R).

After a de novo review of the filings in this matter, the Court finds that the Magistrate Judge adequately addressed the parties' arguments and correctly determined that the Commissioner's decision should be affirmed. *See* FED. R. CIV. P. 72(b)(3). Plaintiff's objections do not persuade the Court otherwise, and the Court will adopt the R&R in its entirety.

Based on the foregoing, the Court **ADOPTS** the R&R in full. (Doc. 22). Accordingly, the decision of the Commissioner is **AFFIRMED**, and this matter shall be **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

\_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court